23 C.C.P.A.(Patents)

## In re SCHWAB.

### Patent Appeal No. 3632.

Court of Customs and Patent Appeals.
June 1, 1936.

Lester A. Stanley, of Washington, D. C. (Munn, Anderson & Liddy, of New York City, Lester A. Stanley, of Washington, D. C., and T. Hart Anderson, of New York City, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed an application in the United States Patent Office on August 27, 1932, for a patent on an improvement in weather strip. The claims, 8 and 9, being all the claims in the case, were rejected by both tribunals in the Patent Office. These claims are as follows:

"8. A reversible weather strip for doors including an elastic body connected to the edge of the door and projecting laterally therefrom, separate wear strips attached to the outer free edge of the elastic body and projecting therefrom beyond the free edge, means for securing the wear strips to the body, and means for securing the projecting portions of the wear strips to each other immediately beyond the free edge of the body, the free edges of the wear strips being laterally co-extensive and relatively movable laterally in close contact with each other.

"9. As a new article of manufacture, a weather strip for the vertical free edges of revolving door wings including an elastic body adapted for anchorage at one of its edges to the door wings, and wear strips disposed on the opposite side faces of the body adjacent its free edge, said wear strips being secured to the body and having portions projecting beyond its free edge, one of said portions engaging with the door enclosure and the other serving as a backing member when the weather strip is mounted in position, the free edges of the wear strips being laterally co-extensive and relatively movable laterally in close contact with each other."

The invention is an improved form of weather strip which is reversible, and is more particularly intended to be applied to the outer vertical edges of the wings of revolving doors, and is intended to close the openings between such wings and the adjacent inclosure so that the opening between the door and its inclosure will be sealed. The improved weather strip includes an elastic body portion, fastened by a screw to the free edge of the door wing. This elastic portion is preferably made of rubber, having an internal re-enforcing fabric. Fastened to the free edge of the weather strip, and on both sides thereof, are wear strips which are secured by lines of stitching to the opposite faces of the weather strip body, adjacent to its outer free edge. Portions of these wear strips project beyond the free edge of the weather strip, which protruding portions are also fastened together by a line of stitching beyond the free edge of the weather strip.

The inventor claims by this arrangement to have provided a weather strip which, when worn on one side, is reversible, and in which the two pieces of wear strip re-enforce each other and add to the rigidity of the leading wear strip, thus doubling the life of the wear strip.

The examiner was of opinion that the appellant's device was fully anticipated by the reference Reese, 1,834,867, of December 1, 1931. The examiner suggested that Reese's weather strip, when worn on one side, might be readily reversed, thus avoiding the necessity of replacing the entire strip, and that such a modification of the strip might be accomplished without invention. The Board of Appeals added to the suggestions made by the examiner, the suggestion that in the Reese construction the wear strip might be slit, and that then one side would act as a backing for the other.

The Reese reference shows a weather strip for revolving doors. Here a weather strip projects from the free edge of the wing of the door, and stitched to the opposite sides of the same is a wear strip of material which is in the form of a loop, the opposite ends of which are attached to opposite sides of the weather strip.

It is this loop which is claimed by the tribunals of the Patent Office to anticipate the double strip of material used by the appellant, and which, it is thought, if worn out on one side, might be reversed and perform the same function as the strips of the appellant.

We are not convinced of the correctness of this position. It seems quite apparent, on consideration of the matter, that the action of a loop of material in closing the opening between a door wing and its inclosure would not be the same as that of two strips of material laid upon and in close contact with each other. In appellant's structure, each strip would act as a re-enforcement for the other, while in the loop arrangement of Reese this is not apparent. Nor are we convinced that it may be properly said that it would not be inventive to split the loop of Reese to make the structure shown by the appellant. It is sufficient to say, in answer to this proposition, that it had not been done until the appellant did it. Appellant seems to have contributed to the art, and, inasmuch as the court is of the opinion that Reese did not anticipate him, his claims should be allowed.

The decision of the Board of Appeals of the United States Patent Office is reversed.

Reversed.